UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Huston Hawes**, | ) C/A No. 4:07-1093-RBH-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Matthew K. Hube**, Attorney at Law, | ) |
| Defendant. | ) |

This action has been filed by the Plaintiff, a resident of Conway, South Carolina, *pro se*. Plaintiff is suing an attorney in Georgia. The Defendant represented the Plaintiff on charges of enticing a child for indecent purposes and contributing to the delinquency of a minor. Defendant was retained by the Plaintiff's South Carolina attorney, who was not admitted to practice in Georgia. Plaintiff pled guilty and was sentenced to five concurrent terms suspended to service of 60-90 days with registration as a sex offender.

The material filed with the Court reflects that Plaintiff filed a state habeas corpus action in Georgia, which was denied by the trial court. On appeal, however, the Supreme Court of Georgia "reversed" the conviction on February 26, 2007. *Hawes v. State*, ___Ga. ___, 642 S.E.2d 92, 2007 Ga. LEXIS® 186 (2007). Plaintiff seeks return of the $4000 fee paid to the Defendant because of the Defendant's malpractice.



*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).

When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this *pro se* complaint is subject to summary

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, *supra*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Further, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999).

Generally, a case can be originally filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction



under 28 U.S.C. § 1331.² If the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern*, 190 F.3d at 654.

With respect to federal question jurisdiction, if the above-captioned case is treated as a civil rights action filed pursuant to 42 U.S.C. § 1983, it is subject to summary dismissal because the Defendant has not acted under color of state law. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999). However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender); and *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney), *cert. denied*, 454 U.S. 1141 (1982). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State to meet this criteria. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). No such allegations or facts are presented in this Complaint, and purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or under the Fourteenth Amendment; *see Lugar v. Edmondson Oil Co.*, *supra*, 457 U.S. at 936; *Burton*

---

² Although the decision of the Supreme Court of Georgia in *Hawes v. State*, ___Ga. ___, 642 S.E.2d 92, 2007 Ga. LEXIS® 186 (2007), constitutes a "favorable termination" under *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994), the Plaintiff must still have a proper jurisdictional basis to proceed in this Court.



*v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) [The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself."]; *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) [a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority."]; *Brummett v. Camble*, 946 F.2d 1178, 1184, 1991 U.S.App. LEXIS® 26889 (5th Cir. 1991), *cert. denied*, *Campbell v. Brummett*, 504 U.S. 965, 119 L.Ed.2d 241, 112 S.Ct. 2323, 1992 U.S. LEXIS® 3384 (1992).[3] *See also Auster Oil & Gas Co., Inc. v. Stream*, 764 F.2d 381, 388, 1985 U.S.App. LEXIS® 30764 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, *supra*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf. Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action). Hence, the Defendant's participation as retained attorney in the Plaintiff's criminal case in Georgia does not constitute action under color of state law, and there is no basis for federal question jurisdiction in this case.

---

[3]In this citation, there are variant spellings of the party known as Camble or Campbell.



Negligence, legal malpractice,[4] the tort of outrage, and breach of contract are causes of action under South Carolina law and under Georgia law.[5] *See*, *e.g.*, *Epstein v. Brown*, 363 S.C. 372, 610 S.E.2d 816, 2005 S.C. LEXIS® 90 (2005); *Brown v. Theos*, 345 S.C. 305, 550 S.E.2d. 304, 2001 S.C. LEXIS® 134 (2001), *affirming* 338 S.C. 305, 526 S.E.2d 232, 1999 S.C.App. LEXIS® 187 (S.C.Ct.App. 1999); *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793, 1993 S.C. LEXIS® 71 (1993); and *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424, 1991 S.C. LEXIS® 218 (1991). Therefore, a civil action for negligence, legal malpractice, outrage, or breach of contract would be cognizable in this court under the diversity statute, if that statute's requirements were satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table].

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

---

[4]It should be noted that inquiries in a legal malpractice action are distinct from inquiries in a post-conviction (or habeas corpus) proceeding as to whether an attorney was "ineffective." *Compare Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992)(plaintiff in legal malpractice action must establish by expert testimony specific duty required of the attorney and the breach thereof), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table], *with Hill v. Lockhart*, 474 U.S. 52, 56-60, 88 L.Ed.2d 203, 106 S.Ct. 366, 1985 U.S. LEXIS® 141 (1985)(in a post-conviction or habeas corpus proceeding, a state prisoner must show that there is a reasonable probability that, but for counsel's alleged errors, he or she would not have been convicted).

[5]The United States District Court for the District of South Carolina, in diversity actions, must follow the choice of law rules of South Carolina; *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); and South Carolina follows the *lex loci delicti* (law of the place where the tort was committed) rule. *Hughes v. Doe*, 281 S.C. 488, 489, 316 S.E.2d 383, 384, 1984 S.C. LEXIS® 293 (1984). Therefore, Georgia law, not South Carolina law, applies in this case because the relevant events at issue took place in Georgia.



> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). Here, since the Plaintiff is a citizen of South Carolina and the Defendant is a citizen of Georgia, complete diversity of parties is present in this case. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Even so, the amount in controversy in this case is only $4,000, which was the fee paid by the Plaintiff to the Defendant. The complaint also indicates that the Plaintiff is seeking $4000 from the Defendant. Therefore, since the amount in controversy in this case is less than the jurisdictional amount set forth in 28 U.S.C. § 1332, the United States District Court for the District of South Carolina lacks diversity jurisdiction over this case. *See Miller v. Lifestyles Senior Housing Managers*, 2005 WESTLAW® 1397401, *1 [no LEXIS® citation available] (E.D.Cal., June 13, 2005)("Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of more than $75,000."); and *Jennings v. University of North Carolina at Chapel Hill*, 240 F.Supp.2d 492, 497, 2002 U.S.Dist. LEXIS® 25254 (M.D.N.C.2002). *See also McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 390-395 & nn. 2-7 (7th Cir. 1979)(collecting cases); *Cowan v. Windeyer*, 795 F. Supp. 535, 536-537, 1992 U.S.Dist. LEXIS® 8657 (N.D.N.Y. 1992); *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282-283 & nn. 3-4, 1989 U.S.Dist. LEXIS® 11231 (S.D.Ala. 1989); *Woodmen of World Life Insurance Society v. Great Atlantic & Pacific Tea Co.*, 561 F. Supp.



640, 641-642 (N.D.Ill. 1982); and *Carr v. Mid-South Oxygen, Inc.*, 543 F. Supp. 299, 300 (N.D.Miss. 1982).

In sum, this federal court lacks subject matter jurisdiction (federal question jurisdiction or diversity jurisdiction) over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The Plaintiff is not without a judicial remedy against the Defendant: the Plaintiff can bring a malpractice action against the Defendant in a court of general jurisdiction in Georgia.[6]

### *Recommendation*

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as

---

[6]It is uncertain whether the Defendant, a Georgia attorney, is reachable by process issued under South Carolina's long-arm statute, § 36-2-801 *et seq.*, South Carolina Code of Laws. *See White v. Stephens*, 300 S.C. 241, 387 S.E.2d 260, 262-264, 1990 S.C. LEXIS® 19 (1990); and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288-299 (1980). However, the Defendant would clearly be subject to process issued by a state court in Georgia.



courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

    The Plaintiff's attention is directed to the Notice on the next page.

              Respectfully submitted,

April 30, 2007           Bristow Marchant
Columbia, South Carolina      United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

